NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
DAN G. BOYLE (Cal. Bar No. Pending)
Assistant United States Attorney
Asset Forfeiture Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:    (213) 894-2426
    Facsimile:    (213) 894-0142
    E-mail:  Daniel.Boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>$49,800.00 IN U.S. CURRENCY,<br><br>    Defendant. | No. 2:21-CV-00047<br><br>COMPLAINT FOR FORFEITURE<br><br>21 U.S.C. § 881(a)(6)<br><br>[U.S.P.I.S.] |

    Plaintiff United States of America brings this claim against defendant $49,800.00 in U.S. Currency, and alleges as follows:

**JURISDICTION AND VENUE**

    1.    The government brings this in rem forfeiture action pursuant to 21 U.S.C. § 881(a)(6).

    2.    This Court has jurisdiction over the matter under 28 U.S.C. §§ 1345 and 1355.

    3.    Venue lies in this district pursuant to 28 U.S.C. § 1395.

**PERSONS AND ENTITIES**

4. The plaintiff in this action is the United States of America.

5. The defendant $49,800.00 in U.S. currency (the "defendant currency") was seized by law enforcement pursuant to a search warrant on or about August 28, 2020 at the Corona Post Office located at 1941 California Ave in Corona, California.

6. The defendant currency is currently or shortly after the filing of this complaint will be in the custody of the United States Marshals Service in this District, where it will remain subject to this Court's jurisdiction during the pendency of this action.

7. The interests of Latasha Saxton ("Saxton"), Philip Guzman ("Guzman"), and Travis Johnson ("Johnson") may be adversely affected by these proceedings.

**BASIS FOR FORFEITURE**

8. On August 5, 2020, United States Postal Inspection Service ("USPIS") investigators were monitoring inbound parcels at the United States Postal facility in the Corona, California Post Office when they identified a parcel bearing Priority Mail Express parcel number EJ345951707US (the "Parcel"). The Parcel was addressed to "Philip Guzman, (street address), Corona, CA (zip code)."[1] The sender was listed as "Tasha Saxton, (street address), Louisville, KY, (zip code)."

9. The Parcel displayed characteristics indicative of parcels containing narcotics or narcotics proceeds. Specifically, the Parcel was sent via Express Mail/overnight with a hand-written label; the

---

[1] Pursuant to Local Rule 5.2-1, only the city and state of personal residence addresses are set forth in this Complaint.

2

Parcel was paid for with an $89.35 cash payment; the Parcel was sent from a person to another person, rather than to or from a business; the Parcel was sent at a Post Office different from the zip code listed on the return address portion of the label; and the "Signature Required" box on the Parcel was not checked, allowing the Parcel to be delivered without a signature for acceptance.

10. California is a source state for narcotics, particularly marijuana. Because of its proximity to the United States/Mexico border, narcotics smugglers often move their product through California to its ultimate destination. Also, large quantities of marijuana are grown in California, which, in fact, is the largest cash crop in California. Accordingly, a large amount of marijuana is shipped from California, and drug proceeds are regularly mailed back to California in return.

11. Narcotics traffickers and money launderers often use the U.S. Postal Service to ship narcotics and drug proceeds. Narcotics traffickers and money launderers do so because using several small packages, instead of a large carload, breaks up the risk of loss that would be incurred from seizure by law enforcement. Narcotics traffickers and money launderers favor the U.S. Mail over private carriers because they are aware that the Postal Service must obtain a search warrant to open and search packages, while private carriers generally do not.

12. Because drug traffickers and money launderers want to avoid detection by law enforcement when using the mails, they typically use cash to pay for shipment of narcotics and/or narcotics proceeds, rather than paying with a traceable credit card. Drug traffickers and money launderers also know that by using Express Mail, they can

3

track the shipments of narcotics and/or narcotics proceeds, as well as control dispatch times and locations, with guarantee of delivery in one or two days. This tracking information is important to drug traffickers and money launderers, because a delay in delivery could be indicative that the mailing was compromised by law enforcement. Because of the cost of overnight and express delivery, such methods are more typically used by businesses than individuals, which makes its use by an individual suspicious. Drug traffickers or money launderers will often mail the parcel at Post Offices several miles distant from the sender's actual physical address, in order to avoid detection by law enforcement in their local area or to avoid a report of suspicious activity by post office personnel. Finally, drug traffickers or money launderers will often leave the "Signature Required" box empty when mailing narcotics and/or narcotics proceeds, so that a package can be delivered without being affirmatively received by a person who could then be identified by law enforcement.

13. On August 12, 2020, postal inspectors requested that a Chino Police Department Canine Officer to have his trained narcotics detection dog, "Kobra," conduct an exterior examination of the Parcel. Kobra searched the Parcel and gave a positive alert to the odor emitting from the Parcel, indicating the presence of controlled substances or other items, such as the proceeds of controlled substances, which have been recently contaminated with the odor of one or more controlled substances.

14. At the time of the alert, Kobra was a sophisticated trained narcotics detection canine, who was certified by Los Angeles County Police Canine Association. As of the time of the alert, Kobra had received training and testing in the detection of cocaine,

4

methamphetamine, heroin, marijuana, and opium, and alerted only to the scent of narcotics for which Kobra is trained. Kobra's training included routinely checking both circulated and uncirculated plastic, boxes, latex, tape, metal, money, and food to ensure that he does not alert to the actual odor of currency itself but instead to the odor of controlled substances on the currency.

15. On August 25, 2020, based on the positive canine alert from Kobra and suspicious characteristics of the Parcel, postal inspectors seized the Parcel and obtained a search warrant for the Parcel from the Honorable Autumn J. Spaeth.

16. On August 28, 2020, investigators opened the Parcel. Inside, postal inspectors found bubble packaging wrapped around a composition book and two lunch bags. The first lunch box was empty. Concealed in the second lunch box was a tin lunch box, itself wrapped in green plastic wrapping. Concealed inside the tin lunch box was a black, zippered toiletry bag. Inside of the black toiletry bag postal inspectors found two bricks of currency which were vacuum-sealed in transparent plastic wrapping. In total, these two bricks of currency consisted of eighteen rubber-banded bundles of U.S. currency totaling $49,800.00 (the defendant currency). The defendant currency consisted primarily of low-denomination bills.

17. Drug traffickers and money launderers often package narcotics-related parcels in a layered manner using multiple containers, heavy taped, and/or with materials that narcotics odors are less likely to permeate. This method of packaging is indicative of an attempt to avoid detection by a trained narcotics-sniffing canine.

5

18. On September 17, 2020, postal inspectors used databases to search for the Corona, CA address on the Parcel. The search revealed the address existed, but the name of Philip Guzman was not associated with the address. Inspectors obtained a copy of the mailbox application for the Corona, CA address. The application was completed on March 12, 2020, by Philip Guzman using a Texas driver's license, and listed a physical address in Lake Carolyn Pkwy in Texas. Inspectors searched law enforcement databases for Philip Guzman in Lake Carolyn Pkwy in Texas address and the search found a listing for Philip Guzman. Inspectors searched law enforcement databases for Texas DMV records for Philip Guzman. The search found a listing for Philip Guzman at the Lake Carolyn Pkwy in Texas address. Drug traffickers and money launderers often use false or inaccurate address information in an effort to conceal their identity from law enforcement officers investigating these types of cases when mailing narcotics or narcotics proceeds.

19. Based on the above, plaintiff alleges that the defendant currency represents or is traceable to proceeds of illegal narcotic trafficking or was intended to be used in one or more exchanges for a controlled substance or listed chemical, in violation of 21 U.S.C. § 841 et seq. The defendant currency is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

//
//
//

WHEREFORE, plaintiff United States of America prays:

(a) that due process issue to enforce the forfeiture of the defendant currency;

(b) that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed;

(c) that this Court decree forfeiture of the defendant currency to the United States of America for disposition according to law; and

(d) for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: January 5, 2020

NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

_____/s/_____
DAN G. BOYLE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**VERIFICATION**

I, Kevin Lee, hereby declare that:

1.   I am a Postal Inspector with the United States Postal Inspection Service and the case agent for the forfeiture matter entitled <u>United States of America v. $49,800.00 in U.S. Currency</u>.

2.   I have read the above Verified Complaint for Forfeiture and know its contents.  It is based upon my own personal knowledge and reports provided to me by other law enforcement agents.

3.   Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on  January 04 , 2020 at  3:32 pm , California.

_____
KEVIN LEE
Postal Inspector-USPIS